NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 05-24125 |
| Aleksandr Pavlovskiy and Nataliya Pavlovskiy | : | Chapter 7 |
| Debtors. | : | |
| Aleksandr Sinyakov and Marina Pashinskaya | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 05-2176 |
| Aleksandr Pavlovskiy | : | |
| Defendant | : | **MEMORANDUM OPINION** |
| | : | Trial:  April 17, 2007 & |
| | : | May 10, 2007 |

**APPEARANCES**

**Attorney for Plaintiff**
Samuel J. Vacchiano, Esquire
Mandelbaum, Salsberg, Gold, Lazris & Discenza, P.C.
155 Prospect Avenue
West Orange, New Jersey 07052

**Attorneys for Debtor/Defendant**
Tony Mirvis, Esquire
Albert Dayan, Esquire
Marvis & Associates
2753 Coney Island Avenue
Brooklyn, New York 11235

**THE HONORABLE KATHRYN C. FERGUSON, USBJ**

Aleksandr Sinyakov and his wife Marina Pashinskaya ["Plaintiffs" or "Mr. Sinyakov"], filed a complaint against Aleksandr Pavlovskiy ["Defendant" or "Mr. Pavlovskiy"] seeking relief under 11 U.S.C. § 523(a)(6). The complaint alleges that Mr. Pavlovskiy attacked Mr. Sinyakov willfully and maliciously, and inflicted serious bodily injuries. The Plaintiffs had filed a civil suit in the state court pre-petition, obtained a default judgment, and presented proofs in support of damages in the amount of $173,908.83. Mr. Sinyakov had previously filed a Motion for Summary Judgment in this court based on that Judgment. The court ruled that while the state court judgment had a binding effect on many aspects of the matter currently pending, that the issue of intent could not be given preclusive effect. The entirety of that opinion is incorporated herein, and this opinion will address only the element of intent.

As this court has previously explained, federal law determines what constitutes "willful" and "malicious." *See,* In re Little, 335 B.R. 376, 383 (Bankr. N.D. Ohio 2005). Because the requirements in the statute are set forth in the conjunctive, both willfulness and malice must be shown in order to prevail under § 523(a)(6). *See,* In re Sexton, 342 B.R. 522, 530 (Bankr. N.D. Ohio 2006); In re Reath, 2006 WL 4452985, *9 (Bankr. D.N.J. 2006). Negligence and recklessness are not sufficient to establish that a result was either willful or malicious. *See,* In re Ingui, 2006 WL 637139 *2, n. 2 (Bankr. E.D. Pa. 2006)(citing Kawaauhau, 523 U.S. at 64).

The Supreme Court has established that "[o]nly acts done with intent to cause injury, and not merely acts done intentionally, rise to the level of willful ... for the purposes of satisfying section 523(a)(6)." In re Sexton, 342 B.R. 522, 530 (Bankr. N.D. Ohio 2006) (citing Kawaauhau v. Geiger, 523 U.S. 57, 57-58 (1998)); *see also,* In re Groff, 301 B.R. 644 (Bankr. D.N.J. 2003)(holding that while the death of a nine year old girl was the result of an action that was willful and intentional, the

death was not intended; §523(a)(6) was not satisfied). Certain courts have "expanded the definition of 'willfulness' to include the debtor's subjective belief that the injury is 'substantially certain to result' from his actions." In re Sexton, 342 B.R. at 530 (quoting Markowitz v. Campbell (In re Markowitz), 190 F.3d 455 (6th Cir. 1999)). Although the Third Circuit has not ruled on this issue post-Kawaauhau, courts in this Circuit have concluded that the Third Circuit would in all likelihood retain the objective approach it endorsed in Conte v. Gautam (In re Conte), 33 F.3d 303 (3d Cir. 1994). *See, e.g.,* In re Reath, 2006 WL 4452985, *9 (Bankr. D.N.J. 2006)*;* In re Conner, 302 B.R. 509, 515 (Bankr. W.D. Pa. 2003). Under the objective approach, an injury is willful and malicious if the debtor caused harm through a deliberate action with an objective substantial certainty of injury. In re Peterson, 332 B.R. 678, 682-3 (Bankr D. Del. 2005) (citing Conner, 302 B.R. at 515 n.4).

A person's actions are considered malicious when they are committed in "conscious disregard of his or her duties or without just cause or excuse." Sexton at 530. "An injury is "malicious," as that term is used in Section 523(a)(6), when it is: '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.' " In re Sicroff, 401 F.3d 1101, 1106 (9th Cir. 2005) (*quoting* Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001)). As the previous definition demonstrates, the "willful" and "malicious" requirements of § 523(a)(6) are distinct but inter-related. As one court has stated the requirements: a debtor's "willful" acts must have been undertaken in a "malicious" manner. In re Whiters, 337 B.R. 326, 337 (Bankr. N.D. Ind. 2006).

In this instance, both Mr. Sinyakov and Mr. Pavlovskiy were injured in a physical fight, broken into at least two distinct rounds. It is not at all clear, even after hearing both accounts, who

3

initiated hostile physical contact or more significantly, why.  The parties agree that they were together on the premises for some time before the physical altercation began.  While Mr. Sinyakov testified that they had no contact that day prior to the fight, Mr. Pavlovskiy claims that they had some social conversation.  Mr. Sinyakov offers no explanation for why, as he claims, Mr. Pavlovskiy attacked him.  Mr. Pavlovskiy says that he inadvertently bumped into Mr. Sinyakov, grasped as he began to fall, and that Mr. Sinyakov misinterpreted that as an attack.  The only eye witness to the altercation, the owner of the premises Mr. Aleksandrovski, did not see or hear why it began.  He testified that the parties were both actively engaged in the fight when he arrived, but that Mr. Sinyakov seemed to be more on the defensive.  Mr. Aleksandrovski was able to separate the participants apparently before either was seriously hurt.  For that reason, the question of intent moves largely to the second round.

After Mr. Aleksandrovski separated the parties and stopped the fight, he told both parties to leave his property.  Mr. Sinyakov asked for and was given permission to use the bathroom to clean up before he left.  This set the stage for the second round of the fight.

Mr. Pavlovskiy testified that he did not ask for permission, but realized a short time after Mr. Aleksandrovski asked them to leave, but before he left the premises, that his nose was bleeding, so he ran to the bathroom. Mr. Aleksandrovski testified that he saw Mr. Pavlovskiy running towards the bathroom, and undoubtedly sensing trouble, ran after him.  By the time Mr. Aleksandrovski got to the bathroom the fight had obviously resumed. He testified that Mr. Pavlovskiy was hitting Mr. Sinyakov, that things happened so fast that it was hard to describe the sequence with precision, but that the fight eventually ended with Mr. Sinyakov on the floor screaming for Mr. Pavlovskiy to stop because his leg was broken.  Once again, there is no third party witness to the recommencement of

the fight, and each of the parties claims the other attacked him first.

The fact that Mr. Pavlovskiy went to the bathroom knowing that Mr. Sinyakov was in there cleaning up strongly suggests that he intended to resume the fight. The parties and the witness all seem to agree that the bathroom was small, rendering further confrontation a substantial certainty. Whether or not Mr. Pavlovskiy went to the bathroom intending to break Mr. Sinyakov's leg, he certainly went there intending to do further harm to Mr. Sinyakov. His explanation that he was running to the bathroom simply to stop a bloody nose is not even somewhat credible. The court is convinced that Mr. Pavlovskiy ran to the bathroom with the intention to commit acts that were substantially certain to cause injury.

Mr. Pavlovskiy makes much of the fact that there were inconsistencies in Mr. Sinyakov's testimony about whether his leg was broken because Mr. Pavlovskiy kicked him or was broken when Mr. Sinyakov fell during the course of the fight. This is a distinction without a difference. The state court has already found that Mr. Pavlovskiy's actions actually caused the injury. This court's only remaining focus is on Mr. Pavlovskiys's intent. The intention to cause the exact injury that occurred in exactly the fashion that it did is not what is required. Mr. Pavlovskiy intended to hurt Mr. Sinyakov and did.

Likewise, the court cannot conclude that Mr. Pavlovskiy's actions were merely negligent. Whatever may have passed between these parties prior to the last round of the fight, there was no justification or excuse for Mr. Pavlovskiy to rush back into contact with Mr. Sinyakov and resume the fight. The parties had been separated. It was beyond mere negligence to go to a small room, out of the sight of the owner of the premises, when tempers were still flaring, and both parties were metaphorically still licking their wounds.

In all likelihood, neither of the parties acted completely innocently here. Whether due to their common cultural influences, their common experiences as boxers, or a simple overabundance of testosterone, both parties probably acted rashly in the early stages of the fight. The situation veered into willful and malicious behavior, however, when Mr. Pavlovskiy consciously chose not to walk away, but rather to re-engage and escalate the physical altercation. The debt owed to Mr. Sinyakov as fixed by the state court will be declared non-dischargeable. Mr. Sinyakov's counsel shall submit a form of judgment in accordance with this opinion under the five day rule.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated: July 11, 2007